FILED
2024 Feb-01 AM 10:00
U.S. DISTRICT COURT
N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| SOUTHERN OIL COMPANY, INC., et al., ) ) ) Plaintiffs, ) ) v. ) ) LEHIGH GAS WHOLESALE ) SERVICES, INC., ) ) Defendant. ) | Case No.: 7:23-cv-1446-ACA |

## MEMORANDUM OPINION

Plaintiffs Southern Oil Company, Inc. and Sipsey River Oil Corporation and Defendant Lehigh Gas Wholesale Services, Inc. ("Lehigh") are competitors in the gasoline industry. This industry is highly regulated, and at the most general level, Alabama law forbids companies from selling gasoline "below cost," meaning the price of gasoline is less than the cost to the business of providing that motor fuel to the consumer plus cost of doing business.

Plaintiffs filed a complaint, alleging that Lehigh engaged in anticompetitive pricing in violation of Alabama's Motor Fuel Marketing Act, Ala. Code § 8-22-1, *et seq.*, ("AMFMA") and Alabama's Deceptive Trade Practices Act, Ala. Code § 8-19-1, *et seq*. ("ADTPA"). Lehigh removed the action to this court, invoking the court's diversity jurisdiction. (Doc. 1). Lehigh moves to dismiss, contending that (1)

Plaintiffs' request for injunctive relief is procedurally improper; (2) the AMFMA claim is inadequately plead; and (3) Plaintiffs cannot assert a claim under the ADTPA. (Doc. 9).

The court **WILL GRANT IN PART** and **DENY IN PART** Lehigh's motion. Because the court agrees that the ADTPA provides a private cause of action only to "consumers" and Plaintiffs are not "consumers," the court **WILL DISMISS** that claim **WITH PREJUDICE**. The court is otherwise unpersuaded by Lehigh's remaining arguments.

I.  BACKGROUND

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), courts must accept all factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. *K.T. v. Royal Caribbean Cruises, Ltd.*, 931 F.3d 1041, 1043 (11th Cir. 2019). Accordingly, these are the facts alleged by the plaintiffs construed in the light most favorable to them:

The parties to this litigation sell gasoline and "motor fuel products" at gas stations in Alabama. (Doc. 1-2 at 7–8 ¶¶ 1–3; *see also id*. at 19) (granting Plaintiffs' motion to substitute Lehigh for the defendant named in the complaint). The fuel industry is highly regulated, and at the most general level, Alabama law forbids companies from selling gasoline "below cost," meaning the price of gasoline is less

than the cost to the business of providing that motor fuel to the consumer plus the cost of doing business. (*See id*. at 10 ¶¶ 10–11); Ala. Code § 8-22-6; *id*. § 8-22-4(16).

Plaintiffs contend that "[a]t various and regular times since July of 2021," Lehigh has sold gasoline "at prices that were lower than its cost." (Doc. 1-2 at 11 ¶ 12). Plaintiffs contend that it was Lehigh's "practice to sell gasoline below cost" and that Lehigh has done so "virtually every day." (*Id*. at 11 ¶ 13). Plaintiffs contend that Lehigh's practice of selling gasoline at below cost is "predatory pricing at its worst" and has injured them because Lehigh is one of their competitors. (*Id*. at 11 ¶¶ 12–13).

## II.   DISCUSSION

Lehigh moves to dismiss all claims against it and to deny Plaintiffs' request for injunctive relief as procedurally improper. (*See* docs. 9, 10). The court's analysis will begin with whether Plaintiffs have requested injunctive relief before examining each of Plaintiffs' claims in turn.

### a.   Plaintiff's Request for Injunctive Relief

At various times in Plaintiffs' complaint, they request that the court enjoin Lehigh from further predatory pricing practices. (*See*, *e.g.*, doc. 1-2 at 12 ¶ 19, 15 ¶ 29(a)). Lehigh requests that the court deny the requested relief because "it is procedurally improper" and not "made by motion." (Doc. 10 at 18) (quotation marks omitted). In response, Plaintiffs concede that they have not moved for injunctive

3

relief and therefore contend that Lehigh's arguments are "premature and misplaced." (Doc. 16 at 10). Because Plaintiffs have not moved for injunctive relief, the court **FINDS** Lehigh's motion to dismiss the request for injunctive relief **MOOT**.

### b.  Alabama's Motor Fuel Marketing Act (Count One)

In Count One, Plaintiffs contend that Lehigh's practice of selling gasoline at below cost violates the AMFMA. (Doc. 1-2 at 9–14 ¶¶ 6–25). Lehigh argues that Plaintiffs do not state a claim because Plaintiffs have not identified: (1) the days when Lehigh's prices were below cost; (2) what Lehigh charged; and (3) for what grades of gasoline. (*See*, *e.g.*, doc. 10 at 15–16).

"[T]he standard to survive a 12(b)(6) motion to dismiss for failure to state a claim is plausibility." *Marquez v. Amazon.com, Inc.*, 69 F.4th 1262, 1269 (11th Cir. 2023) (quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. (quotation marks omitted). But allegations that are "a formulaic recitation" of the cause of action or lack "factual enhancement" are insufficient. *Id*. (quotation marks omitted).

To prevail on this claim, Plaintiffs must establish that their "basic cost of motor fuel plus [their] cost of doing business is greater than the posted sales price at a retail location of [Lehigh's], within [their] marketing area." Ala. Code § 8-22-18(3). "[P]rices and costs must be computed separately for each grade of fuel." *Star*

*Serv. & Petroleum Co. v. State ex rel. Galanos*, 518 So. 2d 126, 128 (Ala. Civ. App. 1986). And "[e]ach day that a violation . . . occurs shall be considered as a separate violation." Ala. Code § 8-22-16(a).

The court is unpersuaded that the complaint lacks sufficient factual allegations to draw the reasonable inference that Lehigh has violated Alabama law. The complaint alleges that since July 2021, Lehigh priced its "regular unleaded gasoline" at below cost "virtually every day." (Doc. 1-2 at 11 ¶¶ 12–13, 11 ¶ 15). Undeniably, Plaintiffs could have alleged more factual content, but they have identified a starting point for Lehigh's alleged violations of Alabama law and the specific grade of fuel that they contend was priced below cost. The court is satisfied that these allegations are sufficient to state a claim for relief. Accordingly, the court **WILL DENY** Lehigh's motion as to Count One.

    <u>c.</u>  <u>Alabama's Deceptive Trade Practices Act (Count Two)</u>

In Count Two, Plaintiffs contend that Lehigh's pricing practices violate the ADTPA. (Doc. 1-2 at 14–15 ¶¶ 26–29). Lehigh contends that Plaintiffs cannot state a claim under the ADTPA because the ADTPA provides a cause of action only to consumers, and Plaintiffs are not consumers as defined by the statute. (Doc. 10 at 16–17).

The ADTPA provides a private right of action to "consumers" against "[a]ny person who commits one or more of the acts or practices declared unlawful under

5

this chapter and thereby causes monetary damage to a consumer." Ala. Code § §  8-19-10. The ADTPA defines a consumer as "[a]ny natural person who buys goods or services for personal, family, or household use." *Id*. § 8-19-3(4).[1] Thus, the ADTPA provides a private right of action only to natural persons damaged under the ADTPA. *See id*.

Lehigh argues that because Plaintiffs are business entities, they are not "consumers" under the ADTPA. (Doc. 10 at 16–17). Plaintiffs do not attempt to refute Lehigh's argument that they are not consumers under the ADTPA. (Doc. 16 at 8–9). Instead, they argue that the legislative declaration and intent in the AMFMA—an entirely different statute—states that offering gasoline below cost is an unfair and deceptive trade practice. (*See id*.) (quoting Ala. Code § 8-22-3).

Although the court appreciates that the AMFMA expresses Alabama's policy of "promot[ing] the general welfare through the prohibition of" anticompetitive practices, *see* Ala. Code § 8-22-3, that policy does not provide Plaintiffs a cause of action under the ADTPA. Here, Plaintiffs have not alleged that they are natural persons who have purchased Lehigh's goods or services. Accordingly, the court

---

[1] The ADTPA also provides a private right of action to other "person[s]" damaged under the ADTPA, but only with respect to subdivisions 19 and 20 of § 8-19-5. Ala. Code § 8-19-10(a). Subdivisions 19 and 20 address pyramid schemes and misrepresentations of earnings in "seller assisted marketing plans," neither of which is encompassed in Plaintiffs' complaint. *Id*. § 8-19-5(19), (20).

**WILL GRANT** Lehigh's motion to dismiss and **WILL DISMISS** this claim **WITH PREJUDICE** for failure to state a claim.

### III. CONCLUSION

The court **WILL GRANT IN PART** and **DENY IN PART** Lehigh's motion.

**DONE** and **ORDERED** this February 1, 2024.

_____
**ANNEMARIE CARNEY AXON**
UNITED STATES DISTRICT JUDGE